**Guillermo VASQUEZ–OLMEDO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75338.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 31, 2006.

Guillermo Vasquez–Olmedo, Sylmar, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Guillermo Vasquez–Olmedo, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Vasquez–Olmedo failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929 (9th Cir.2005).

Vasquez–Olmedo's contention that the agency deprived him of due process by misapplying the law to the facts of his case does not state a colorable due process claim. *See id.* at 930 ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also San-chez–Cruz,* 255 F.3d at 779 (holding that the "misapplication of case law" may not be reviewed).

The record does not support Vasquez–Olmedo's argument that the IJ violated due process by making biased comments during his hearing. Contrary to Vasquez–Olmedo contention, the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.